# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

HARRIET LEIGH BOONE,

           Plaintiff,

     v.

MUNICIPALITY OF
ANCHORAGE/ANCHORAGE
HEALTH DEPTARTMENT, *et al.*,

          Defendants.

Case No. 3:25-cv-00135-SLG

## ORDER ON MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE

Before the Court at Docket 10 is the Municipality of Anchorage ("MOA"), Kimberly Rash, and Annette Gwalthney-Jones ("Defendants")'s Motion to Dismiss. Plaintiff Harriet Leigh Boone responded in opposition at Docket 14,to which Defendants replied at Docket 18. Oral argument was not requested by either party and was not necessary for the Court's decision.

Also before the Court is Defendants' request for judicial notice of the Collective Bargaining Agreement ("CBA") between the Anchorage Municipal Employees Association, Inc. ("AMEA") and the MOA, dated March 15, 2022– December 31, 2025, at Docket 10-1. The MOA posts CBAs on its public website.[1] Plaintiff does not appear to oppose Defendants' request for judicial notice of the

---

[1] *See* https://www.muni.org/Departments/employee_relations/Pages/AMEA.aspx (last visited on April 22, 2026). The website has a link to the collective bargaining agreement currently in effect.

CBA for AMEA.[2]  Because the CBA is publicly available and Plaintiff does not dispute its authenticity, Defendants' request for judicial notice of the CBA for AMEA at Docket 10-1 is GRANTED.[3]

The Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3) for the causes of action arising under 42 U.S.C. § 1983.  The Court exercises its supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

For the reasons set forth below, Defendants' motion to dismiss is GRANTED with partial leave to amend.

## BACKGROUND

The facts as pled in Plaintiff's Complaint are as follows:

Plaintiff was employed by the MOA/Anchorage Health Department ("AHD") as a public health nurse and Tuberculosis ("TB") Lead/Case Manager from 2007 through July 15, 2023.[4]

On September 14, 2022, Plaintiff's direct supervisor, Jeff Matthews, publicly berated her in front of her coworkers.  Plaintiff reported the incident to Mr.

---

[2] Docket 14 at 11 (Plaintiff asserts that her "claims arise under the Constitution, not the collective bargaining agreement.").

[3] *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998–999 (9th Cir. 2010) (ruling that judicial notice is appropriate when information is "made publicly available by government entities . . . and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein").

[4] Docket 1 ¶ 2.1.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 2 of 30

Case 3:25-cv-00135-SLG     Document 22     Filed 05/04/26     Page 2 of 30

Matthews's supervisor, Dylan Pearce, but he did not take any corrective action against Mr. Matthews.[5]

In late 2022, Mr. Matthews discussed sexual harassment complaints against himself at staff meetings, resulting in one staff member leaving the meeting.[6]

On October 31, 2022, Mr. Matthews instructed Plaintiff to falsify reports by "making up the numbers."[7] Plaintiff refused to enter false data and obtained the correct data from the State of Alaska. When Plaintiff presented the accurate data to Mr. Matthews, he claimed he did not need it and had finished the report already.[8]

On January 12, 2023, Mr. Matthews verbally attacked Plaintiff and knocked over his chair during a video conference attended by State officials and AHD staff members. The incident was reported to Dylan Pearce and Deputy Director Kimberly Rash, but no corrective action was taken.[9]

On January 17, 2023, Mr. Matthews presented Plaintiff with a memo of counseling, backdated to December 9, 2022. At this same meeting, Mr. Matthews denied Plaintiff's requests for union representation and threatened her with termination for insubordination if she attempted to leave the meeting to obtain such

---

[5] Docket 1 ¶¶ 2.2, 2.14.

[6] Docket 1 ¶ 2.3.

[7] Docket 1 ¶ 2.4.

[8] Docket 1 ¶ 2.4.

[9] Docket 1 ¶ 2.5.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 3 of 30
Case 3:25-cv-00135-SLG   Document 22   Filed 05/04/26   Page 3 of 30

representation.[10]

On March 6, 2023, Mr. Matthews prohibited Plaintiff from performing her TB Case Manager duties and retaliated against Plaintiff after she reported the violations to State health officials.[11]

On March 20, 2023, when Plaintiff voiced concerns that the changes Mr. Matthews had made to the TB protocols endangered public health, she was labeled as "insubordinate."[12]

On March 28, 2023, Mr. Matthews slammed his hand against the wall and shouted at Plaintiff during a staff meeting.[13]

On June 1, 2023, Plaintiff was involuntarily transferred from her position as TB Lead/Case Manager to the Sexual Health Department's Express Sexually Transmitted Infections ("STI") Clinic without proper training or qualifications in violation of professional nursing standards and regulations.  Mr. Matthews claimed that Plaintiff had completed cross-training for the Express STI Clinic position, but "her assigned trainer had never worked in the Express STI Clinic and considered the assignment 'punishment.'"[14]

---

[10] Docket 1 ¶ 2.6.

[11] Docket 1 ¶ 2.7.

[12] Docket 1 ¶ 2.8.

[13] Docket 1 ¶ 2.9.

[14] Docket 1 ¶ 2.10.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 4 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 4 of 30

Between June 27-30, 2023, Defendants accused Plaintiff of time theft, denied her request for union representation, and issued a written reprimand with threats of termination.[15]

On July 3, 2023, Plaintiff gave two weeks' notice of her resignation "to protect her professional credentials."[16] Mr. Matthews denied her requests to use accrued leave during her final two weeks of work, despite Human Resources ("HR")'s assurance that she could use such leave.[17]

On July 5–6, 2023, Defendants initiated new allegations targeting Plaintiff's nursing license and removed her access to the Electronic Medical Record system, but Defendants required Plaintiff to continue providing care to patients.[18]

Throughout her employment, Plaintiff repeatedly sought assistance by reporting her concerns to Mr. Matthews's supervisor Dylan Pearce, Deputy Director Kimberly Rash, and HR representative Annette Gwalthney-Jones, but no meaningful action was taken by these individuals.[19]

On July 6, 2023, Plaintiff reported a documentation issue by another nursing staff member to Dr. Savitt and Mr. Matthews, but no investigation was initiated

---

[15] Docket 1 ¶ 2.11.

[16] Docket 1 ¶ 2.12.

[17] Docket 1 ¶ 2.12.

[18] Docket 1 ¶ 2.13.

[19] Docket 1 ¶ 2.14.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 5 of 30
Case 3:25-cv-00135-SLG   Document 22   Filed 05/04/26   Page 5 of 30

against the other nursing staff member.[20]

Plaintiff's employment officially ended on July 14, 2023, with a separation date of July 15, 2023.[21]

Plaintiff filed this action on June 25, 2025.[22]  The Complaint named four Defendants: the MOA, Jeff Matthews, Kimberly Rash, and Annettee Gwalthney-Jones.[23]  However, Mr. Matthews was dismissed from this action in March 2026 because Plaintiff failed to file proof of service of the Complaint on him.[24]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted."  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25]  Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[26]  When deciding a Rule 12(b)(6) motion, a court considers only "the

---

[20] Docket 1 ¶ 2.15.

[21] Docket 1 ¶ 2.16.

[22] Docket 1.

[23] Docket 1.

[24] Docket 20.

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[26] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) (citing *Twombly*, 550 U.S. at 555–

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 6 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 6 of 30

[operative] complaint, materials incorporated into the complaint by reference, and matters [on] which a court [has] take[n] judicial notice.[27] "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."[28]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[29] However, "leave may be denied if amendment of the complaint would be futile."[30] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[31]

**DISCUSSION**

Plaintiff's Complaint contains the following nine causes of action: Count I: First Amendment Retaliation; Count II: Fourteenth Amendment Due Process; Count III: Constructive Discharge Under Federal Law; Count IV: Violation of

---

56).

[27] *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[28] *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original) (citations omitted).

[29] Fed. R. Civ. P. 15(a).

[30] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[31] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 7 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 7 of 30

Weingarten Rights; Count V: Violation of Alaska Whistleblower Protection Act; Count VI: Breach of Covenant of Good Faith and Fair Dealing; Count VII; Wrongful Discharge/Constructive Discharge under Alaska Law; Count VIII: Violation of Alaska Human Rights Act; and Count IX: Violation of Alaska Public Employment Relations Act.[32]

Preliminarily, for each cause of action, Plaintiff's Complaint fails to specify the specific conduct of each Defendant that forms the basis of that cause of action as to that particular Defendant. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[33] As discussed below, certain of Plaintiff's causes of action may be asserted in an amended complaint and other causes of action are dismissed without leave to amend. For any cause of action that may be amended, the amended complaint must clearly identify each Defendant she alleges is responsible for the violation described in that cause of action.

## COUNT I – FIRST AMENDMENT RETALIATION

### A. Liability of Individual Defendants

In general, the First Amendment prohibits government officials from subjecting

---

[32] Docket 1 ¶¶ 4.1–4.57.

[33] *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 8 of 30

individuals to retaliatory actions for engaging in protected speech.[34]  To state a First Amendment retaliation claim under Section 1983, a plaintiff must allege plausible facts that "(1) [s]he engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech."[35]  "At the pleading stage, a plaintiff adequately asserts First Amendment retaliation if the complaint alleges plausible circumstances connecting the defendant's retaliatory intent to the suppressive conduct."[36]

Plaintiff alleges that her "actions in reporting violations of CDC guidelines, patient safety protocols, and refusal to falsify grant documents" were protected speech.[37]  Defendants do not dispute that Plaintiff engaged in protected First Amendment speech.  Instead, Defendants contend that Plaintiff's Complaint does not allege plausible facts for the second and third elements of a retaliation claim.[38]  Specifically, Defendants assert that Plaintiff does not allege that she suffered "an

---

[34] *See Hartman v. Moore*, 547 U.S. 250, 256 (2006).

[35] *Arizona Students' Assoc. v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (citations omitted).

[36] *Id.* at 870.

[37] Docket 1 ¶ 2.17.

[38] Docket 10 at 15.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 9 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 9 of 30

adverse employment action or a nexus between [Defendants'] actions and her speech," because the Complaint neither specifies "which [D]efandant . . . took which actions against her"; nor does it "adequately link the alleged action to an exercise of her First Amendment rights or create a plausible inference that the actions were taken for a retaliatory purpose."[39]

"In a First Amendment retaliation case, an adverse employment action is an act that is reasonably likely to deter employees from engaging in constitutionally protected speech."[40] Although insignificant retaliatory actions, such as "bad-mouthing" or verbal threats, may not be considered adverse employment actions,[41] "the loss of a valuable government benefit or privilege" is not required.[42] Plaintiff alleges that the MOA, "through its agents," took adverse employment actions against her by "issuing backdated disciplinary actions, denying union representation during investigatory meetings, making false accusations of time theft, involuntarily transferring her to a position without proper training, removing her access to essential electronic medical records systems while still requiring her to provide patient care, and creating a hostile work environment that forced her

---

[39] Docket 10 at 15.

[40] *Coszalter v. City of Salem*, 320 F.3d 968, 970 (9th Cir. 2003).

[41] *Id.* at 976; *see also Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998).

[42] *Coszalter*, 320 F.3d at 974 (internal quotations and citation omitted).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 10 of 30
Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 10 of 30

resignation."[43]

Viewed in the light most favorable to Plaintiff, these alleged actions may constitute adverse employment actions in the context of a First Amendment retaliation case. But the Complaint fails to allege how and when either of the two remaining individual Defendants engaged in any of this alleged retaliatory conduct. Although the Complaint describes the alleged conduct of Jeff Matthews—who is no longer a party—the Complaint fails to allege the specific retaliatory conduct by Defendant Rash and date(s) of this conduct; the same holds true for Defendant Gwalthney-Jones. And although Plaintiff also asserts that the adverse employment actions took place "immediately following Plaintiff's protected activities," thereby alleging a causal connection, she does not allege facts plausibly supporting this allegation as to either of the two remaining individual Defendants.[44]

Plaintiff may be seeking to impose supervisory liability against Defendant Rash, although the Complaint does not identify who Ms. Rash supervised. In the Ninth Circuit, a supervisor may be held individually liable in § 1983 suits "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[45] Moreover, the supervisor must have actual

---

[43] Docket 1 ¶ 4.5.

[44] Docket 1 ¶ 4.6.

[45] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 11 of 30

supervisory authority over the government actor who allegedly violated the constitutional right of a plaintiff.[46]  The supervisor's participation may include "[her] own culpable action or inaction in the training, supervision, or control of [her] subordinates, [her] acquiescence in the constitutional deprivation of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others."[47]

The Complaint fails to adequately plead that either Defendant Rash or Defendant Gwalthney-Jones supervised Mr. Matthews or engaged in her own unconstitutional misconduct. Indeed, in her opposition brief, Plaintiff states that "[u]nlike the Municipality's arguments regarding other individual defendants, Matthews has clear personal involvement in constitutional violations."[48]

For these reasons, the Complaint fails to state a claim of First Amendment Retaliation against either Defendant Rash or Defendant Gwalthney-Jones.

### B. Municipal Liability

Plaintiff alleges that the MOA is liable under Section 1983 for violations of Plaintiff's constitutional rights because of the MOA's policies, practices, and customs, as well as the actions of municipal officials with final policymaking

---

[46] *See Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018).

[47] *Starr*, 652 F.3d at 1207–08 (internal quotations and citation omitted).

[48] Docket 14 at 14 (citing Docket 10 at 24–28).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 12 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 12 of 30

authority.[49]  Defendants counter that Plaintiff's retaliation claim against the MOA under the First Amendment must be dismissed because Plaintiff has failed to allege that the MOA "has a policy or custom of violation of free speech or due process."[50]  Further, Defendants assert that the Complaint alleges facts that only applied to Plaintiff and do not support her "conclusory assertions that the Municipality has a policy or custom of violation of free speech or due process."[51] In her opposition, Plaintiff asserts that the MOA's "deliberate indifference was the 'moving force' behind Plaintiff's constitutional injuries" and the MOA's "institutional tolerance for Matthews' conduct, evidenced by failure to act despite multiple complaints, establishes the requisite custom."[52]  Plaintiff also asserts that the MOA failed to train its supervisors on constitutional requirements and failed to supervise its employees despite "institutional awareness at multiple levels of management without meaningful response."[53]

A local governing body is not liable under Section 1983 unless "action pursuant to official municipal policy of some nature caused a constitutional tort."[54] Liability of a municipality under Section 1983 "may attach when an employee is

---

[49] Docket 1 ¶¶ 3.1–3.14.

[50] Docket 10 at 19.

[51] Docket 10 at 19.

[52] Docket 14 at 9.

[53] Docket 14 at 10.

[54] *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 691 (1978).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 13 of 30

acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker."[55] Further, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."[56] A plaintiff must "also demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights'" of the plaintiff.[57] And, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under § 1983."[58]

Here, Plaintiff's First Amendment retaliation claim against the MOA is based solely on her encounters with her direct supervisor, Mr. Matthews, and her reports to other MOA employees about Mr. Matthews. These allegations refer only to Plaintiff. Plaintiff has not included any allegations that, if proven, would demonstrate that the MOA had a formal policy or custom to condone retaliation for protected speech that was the moving force behind the alleged constitutional violation in this case.

---

[55] *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014).

[56] *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

[57] *Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (holding county's custom or practice of using a sobering cell that lacked adequate audio surveillance and checking the cell visually only once every half hour created a substantial risk of harm to persons detained in the sobering cell and deliberate indifference to that risk).

[58] *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 14 of 30

For the above reasons, Count I is dismissed with leave to amend.

## COUNT II –FOURTEENTH AMENDMENT DUE PROCESS

Count II alleges the MOA violated Plaintiff's procedural and substantive due process rights. Count II does not appear to name the other two remaining individual defendants.

### A. Procedural Due Process

"There are three elements of a procedural due process claim under 42 U.S.C. § 1983: (1) 'a liberty or property interest protected by the Constitution,' (2) 'a deprivation of the interest by the government,' and (3) a 'lack of process.'"[59]

Plaintiff alleges that the MOA deprived her of procedural due process by failing to follow its own policies and procedures when disciplining Plaintiff, including a denial of her *Weingarten* rights.[60] Specifically, Plaintiff alleges that her procedural due process rights were denied on January 17, 2023 when Mr. Matthews presented her with a backdated counseling memo and denied her union representation.[61] She also alleges that, from June 27-30, 2023, at meetings during which she was accused of time theft, she was denied union representation.[62]

Although Plaintiff alleges that she was deprived of her property and liberty

---

[59] *K. J. by & through Johnson v. Jackson*, 127 F.4th 1239, 1247 (9th Cir. 2025) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

[60] Docket 1 ¶ 4.12.

[61] Docket 1 ¶ 4.14; Docket 14 at 7.

[62] Docket 1 ¶ 4.14; Docket 14 at 7.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 15 of 30
Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 15 of 30

interests by Mr. Matthews, Plaintiff has failed to plead what specific conduct Defendants Rash and Gwalthney-Jones did, on what dates, that violated Plaintiff's right to procedural due process. And Plaintiff makes no showing of *Monell* liability; she fails to allege what formal policy or custom of the MOA these Defendants were following; nor does Plaintiff plausibly allege that either Defendant Rash or Defendant Gwalthney-Jones was the final policy maker at the Health Department.

For the foregoing reasons, Count II fails to state a claim upon which relief may be granted against any named Defendant under the procedural due process clause of the Fourteenth Amendment.

### B. Substantive Due Process

Plaintiff alleges that her involuntary transfer from TB Lead/Case Manager to a position for which she was not trained and the revocation of her access to the electronic medical system while requiring her to provide patient care violated her substantive due process rights.[63] Plaintiff alleges that she was forced to resign on July 3, 2023 due to her working conditions.[64]

The substantive protection of the Due Process Clause of the Fourteenth Amendment "bars certain government actions regardless of the fairness of the procedures used to implement them."[65] This substantive protection is "intended to

---

[63] Docket 1 ¶ 4.13.

[64] Docket 1 ¶ 4.19.

[65] *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 16 of 30

prevent government officials from abusing their power, or employing it as an instrument of oppression."[66] "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense"; it must be a "cognizable level of executive abuse of power as that which shocks the conscience."[67]

"In cases involving employment, '[the Ninth Circuit has] held that a plaintiff can make out a substantive due process claim if she is unable to pursue an occupation and this inability is caused by government actions that were arbitrary and lacking a rational basis.'"[68] "Employees must therefore articulate a 'careful description' of a fundamental right."[69] "This substantive due process protection is based on a liberty interest in an occupation, and 'protects the right to pursue an entire profession, and not the right to pursue a particular job.'"[70]

Plaintiff's Complaint does not allege any facts that, if proven, would demonstrate that she was unable to keep working in her occupation as a nurse because of the conduct of Defendants Rash and Gwalthney-Jones. Nor does Plaintiff plead plausible facts identifying a formal policy or longstanding custom of the MOA to deprive its employees of substantive due process rights.

---

[66] *Id.* at 846 (internal quotations and citations omitted).

[67] *Id.* (internal quotations and citation omitted).

[68] *Armstrong v. Reynolds*, 22 F.4th 1058, 1079–80 (9th Cir. 2022) (quoting *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 997 (9th Cir. 2007), *aff'd on other grounds,* 553 U.S. 591 (2008)).

[69] *Curtis v. Inslee*, 154 F.4th 678, 691 (9th Cir. 2025) (quoting *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015)).

[70] *Armstrong*, 22 F.4th 1058 at 1080 (internal citation omitted) (quoting *Engquist*, 478 F.3d at 998).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 17 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 17 of 30

For the reasons set forth above, Count II is dismissed with leave to amend.

## COUNT III – CONSTRUCTIVE DISCHARGE UNDER FEDERAL LAW

In Count III, Plaintiff alleges that she was constructively discharged under federal law. She maintains that the MOA created intolerable working conditions and a reasonable person in Plaintiff's position would have felt compelled to resign.[71] She alleges that her involuntary transfer from TB Lead/Case Manager to a position for which she was not trained, the revocation of her access to the electronic medical system while requiring her to provide patient care, false accusations, and threats of termination, were intolerable conditions.[72] Plaintiff alleges that she was forced to resign on July 3, 2023 due to these working conditions.[73]

Defendants counter that constructive discharge is a state law contract claim.[74] Defendants further contend that, because Plaintiff's employment is governed by the CBA for AMEA, she was required to exhaust her remedies under the CBA before bringing this claim.[75] In her opposition, Plaintiff asserts that her Section 1983 constitutional claims are not subject to contractual exhaustion

---

[71] Docket 1 ¶ 4.16.

[72] Docket 1 ¶ 4.18.

[73] Docket 1 ¶ 4.19.

[74] Docket 10 at 11–12.

[75] Docket 10 at 11.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 18 of 30

requirements.[76]

For purposes of a Section 1983 procedural due process claim, the Ninth Circuit has held that "an employee has suffered a constructive discharge where 'a reasonable person in his position would have felt that he was forced to quit because of intolerable and discriminatory working conditions.'"[77] When a plaintiff is "not demoted, did not receive a cut in pay, was not encouraged to resign or retire, and was not disciplined," the working conditions are "not so intolerable and discriminatory that a reasonable person would feel forced to resign."[78]

Even construing the facts in the light most favorable to Plaintiff, the Complaint fails to allege a plausible constructive discharge claim under Section 1983. The Complaint does not allege the existence of such "intolerable or discriminatory conditions" that a reasonable person would have felt forced to quit. Moreover, Plaintiff fails to allege how Defendants Rash and Gwalthney-Jones were each involved in an alleged constitutional violation that created intolerable working conditions or that either Defendant acted pursuant to a formal policy or longstanding custom of the MOA.

For the foregoing reasons, Count III is dismissed for failure to state a claim

---

[76] Docket 14 at 11.

[77] *Kappenberger v. City of Phoenix*, 566 F.3d 936, 940 (9th Cir. 2009) (quoting *Huskey v. City of San Jose*, 204 F.3d 893, 900 (9th Cir. 2000) (upholding judgment on the pleadings for the city on a Section 1983 constructive discharge claim)).

[78] *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1412 (9th Cir. 1996).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 19 of 30
Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 19 of 30

with leave to amend.

### COUNT IV – VIOLATION OF *WEINGARTEN* RIGHTS

Plaintiff alleges that, as a public employee and union member, she was entitled to union representation during the "investigatory meetings" held on January 17, 2023 and June 27, 2023.[79] She maintains that the MOA, through Mr. Matthews, denied her repeated requests for union representation.[80]

The MOA contends that Plaintiff's *Weingarten* claim must be dismissed as a matter of law because the MOA is exempt from the National Labor Relations Act of 1935, 20 U.S.C. §§ 151-169 ("NLRA").[81] Plaintiff counters that she is bringing her *Weingarten* claim as a violation of procedural due process under the Fourteenth Amendment and not as a violation under either the NLRA or the CBA.[82]

In *NLRB v. J. Weingarten, Inc.*, the U.S. Supreme Court held that an employee has "the right of union representation at investigatory interviews which the employee reasonably believes may result in disciplinary action against him."[83] This right is grounded in Section 7 of the NLRA, which guarantees employees the right "to engage in other concerted activities for the purpose of collective

---

[79] Docket 1 ¶¶ 4.21, 4.22.

[80] Docket 1 ¶¶ 4.23, 4.24.

[81] Docket 10 at 5.

[82] Docket 14 at 6–8.

[83] 420 U.S. 251, 267 (1975).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 20 of 30
Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 20 of 30

bargaining or other mutual aid or protection."[84]  Violations of *Weingarten* rights constitute unfair labor practices under Section 8(a)(1) of the NLRA.[85]  But the NLRA explicitly excludes political subdivisions such as the MOA.[86]

Because the MOA is a political subdivision of the State of Alaska,[87] Plaintiff's *Weingarten* claim in Count IV must be dismissed for failure to state a claim and without leave to amend.

### COUNT V – VIOLATION OF ALASKA WHISTLEBLOWER PROTECTION ACT (AS § 39.90.100)

Count V alleges that Defendants violated the Alaska Whistleblower Protection Act, AS § 39.90.100, *et seq.*[88]  Plaintiff alleges that Defendants retaliated against her after she reported to public bodies and supervisors on matters of public concern by "issuing backdated disciplinary actions, denying union representation rights, making false accusations, involuntarily transferring her without proper training, removing access to essential work systems, and creating

---

[84] 29 U.S.C. § 157.

[85] *J. Weingarten, Inc.*, 420 U.S. at 257.

[86] 29 U.S.C. § 152(2) ("The term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include . . . any State or political subdivision thereof . . . .").

[87] *See Intl. Bhd. of Elec. Workers, Loc. Union 1547 v. City of Ketchikan*, 805 P.2d 340, 343 n. 9 (Alaska 1991) ("The National Labor Relations Act ('NLRA') does not apply here because political subdivisions of the state are excluded from NLRA's definition of 'employer.'").

[88] Docket 1 ¶¶ 4.34.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 21 of 30
Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 21 of 30

a hostile work environment that forced her resignation."[89]

Defendants assert that Count V fails because the MOA is not subject to AS § 39.90.100 *et seq.*[90] Plaintiff responds that, even if the MOA is exempt, her "reports constitute protected speech under the First Amendment."[91]

Because the MOA is exempt from the Alaska Whistleblower Protection Act,[92] Count V is dismissed for failure to state a claim without leave to amend.

### COUNT VI – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff alleges that the MOA breached the objective and subjective components of the implied covenant of good faith and fair dealing under Alaska law.[93] Defendants maintain that, as a member of the AMEA union, Plaintiff was required to exhaust her remedies under the CBA before bringing this claim in court.[94] Plaintiff responds that her constitutional claims do not require exhaustion. She also counters that even if exhaustion is required, "the futility exception clearly

---

[89] Docket 1 ¶¶ 4.31, 4.32.

[90] Docket 10 at 21.

[91] Docket 14 at 15–16.

[92] Alaska Stat. § 39.90.130 ("A municipality is not required to comply with the provisions of AS 39.90.100–39.90.150 if the municipality has adopted an ordinance that provides protections for its employees . . . ."). The MOA has adopted its own ordinance at Anchorage Municipal Code 3.75.010 *et seq.*

[93] Docket 1 ¶¶ 4.36–4.40.

[94] Docket 10 at 8; Docket 10-1 at 58–63.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 22 of 30

applies."[95]  Plaintiff further alleges that any exhaustion requirement should be excused because she attempted to resolve issues "through proper channels, including multiple reports to supervisory personnel and attempts to secure union representation."[96]

Under Alaska law, "an employee must first exhaust his contractual or administrative remedies, or show that he was excused from doing so, before he may pursue a direct judicial action against his employer."[97]  This duty to exhaust applies to a good faith and fair dealing claim.[98]  But "where the administrative remedy is inadequate or where the pursuit of the administrative remedy would be futile due to the certainty of an adverse decision," the requirement to exhaust is excused.[99]

While Plaintiff is not required to exhaust her constitutional claims under the CBA,[100] her contract claims, including her claim for breach of the duty of good faith and fair dealing, must be exhausted or excused.  Plaintiff has not alleged that she

---

[95] Docket 14 at 11.

[96] Docket 14 at 11.

[97] *Beard v. Baum*, 796 P.2d 1344, 1348 (Alaska 1990) (quoting *Casey v. City of Fairbanks*, 670 P.2d 1133, 1136 (Alaska 1983)).

[98] *See Grant v. Anchorage Police Dep't*, 20 P.3d 553, 557 (Alaska 2001) (affirming the superior court's grant of summary judgment on the plaintiff's good faith and fair dealing claim for failure to exhaust his contractual remedies under the collective bargaining agreement).

[99] *Romulus v. Anchorage School Dist.*, 910 P.2d 610, 615 (Alaska 1996) (quoting *Eidelson v. Archer*, 645 P.2d 171, 175–79 (Alaska 1982)).

[100] *See Heck v. Humphrey*, 512 U.S. 477, 480 (1994).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 23 of 30

exhausted her remedies through the grievance process in the CBA with her union. And although she asserts that exhaustion would have been futile due to alleged "institutional indifference," Plaintiff has not alleged plausible facts to show that invoking the CBA grievance process would have been futile.[101]   Therefore, although amendment of this claim is likely futile, Count VI is dismissed with leave to amend to allege plausible facts that, if proven, would demonstrate that following the CBA grievance procedure would have been futile.

### COUNT VII – WRONGFUL DISCHARGE/CONSTRUCTIVE DISCHARGE UNDER ALASKA LAW

Plaintiff alleges that Defendants created intolerable working conditions through "sustained harassment by her supervisor, retaliation for protected activities, removal from her specialized position without proper training for the new role, denial of union representation rights, and removal of essential work tools while still requiring performance of duties."[102]  The MOA contends that Plaintiff's constructive discharge claim is a contract-based claim that requires exhaustion of the CBA's grievance process and Plaintiff has not alleged that she grieved this claim.[103]   As with Count VI, Plaintiff's opposition maintains that "the futility exception clearly applies" based on her "extensive good faith efforts to resolve

---

[101] Docket 14 at 11–12.

[102] Docket 1 ¶ 4.43.

[103] Docket 10 at 11–12.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 24 of 30

issues through proper channels."[104]

"Constructive discharge is not an independent cause of action, but merely satisfies the discharge element in a claim for wrongful discharge."[105]  Moreover, even "[w]here an ongoing pattern of harassment in the workplace culminates in an employee's resignation, the employee must attempt to grieve this involuntary termination even if the union has previously been unresponsive to the employee's complaints of harassment."[106]  However, if a court can "conclude that a successful grievance would have [left the plaintiff] with a remedy so inadequate as to render futile his pursuit of the grievance procedure," the failure to grieve working conditions may be excused.[107]

Here, Plaintiff does not allege that she attempted to grieve her working conditions pursuant to the CBA; nor does she set forth plausible facts to show that a successful grievance would have left her with an inadequate remedy.  For much the same reasons that Count VI was dismissed, Count VII is likewise dismissed with leave to amend.

## COUNT VIII – VIOLATION OF ALASKA HUMAN RIGHTS ACT
### (AS § 18.80.220)

---

[104] Docket 14 at 11.

[105] *Pitka v. Interior Reg'l Hous. Auth.*, 54 P.3d 785, 790 (Alaska 2002) (citing *City of Fairbanks v. Rice*, 20 P.3d 1097, 1102 n. 7 (Alaska 2000)).

[106] *State v. Beard*, 960 P.2d 1, 7 (Alaska 1998).

[107] *Id*.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 25 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 25 of 30

Plaintiff alleges discrimination under the Alaska Human Rights Act, AS § 18.80.220. She asserts that Defendants collectively subjected her to a hostile work environment, took retaliatory disciplinary actions based on her protected activities, and constructively discharged her from her employment.[108]

Under AS § 18.80.220(a)(4), it is unlawful for an employer "to discharge, expel, or otherwise discriminate against a person because the person has opposed any practices forbidden under AS 18.80.200–18.80.280 or because the person has filed a complaint, testified, or assisted in a proceeding [before the Alaska Human Rights Commission]." To establish a prima facie case for retaliatory discharge under AS § 18.80.220, a plaintiff must "show that (1) she engaged in [a protected activity]; (2) her employer subjected her to adverse employment action; [and] (3) there was a causal link between the protected activity and the employer's action. Causation sufficient to establish a prima facie case of unlawful retaliation may be inferred from the proximity in time between the protected action and the allegedly retaliatory discharge."[109]

Defendants maintain that Plaintiff's claim under AS § 18.80.220 is barred by Alaska's two year statute of limitations for tort claims.[110] Defendants assert that any alleged violations of the statute must have taken place after June 24, 2023

---

[108] Docket 1, ¶¶ 4.48–51.

[109] *Mahan v. Arctic Catering, Inc.*, 133 P.3d 655, 660 (Alaska 2006) (quoting *VECO, Inc. v. Rosebrock*, 970 P.2d 906, 918 (Alaska 1999)).

[110] Docket 10 at 21–22.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 26 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 26 of 30

and Plaintiff cannot use the "continuing violation doctrine" to "stretch facts from outside the statute of limitations and demand damages for those allegations" in an effort to include her March 20, 2023 report to State health officials.[111]  Defendants also contend that Plaintiff did not adequately plead retaliation pursuant to AS § 18.80.220 because her complaint to State health officials is not the type of complaint covered by this statute and, therefore, is not a protected activity as defined by the Human Rights Act.[112]  Further, Defendants note that Plaintiff has not alleged that either individual Defendant or the MOA was even aware of her complaint to State officials.[113]

Claim VIII does not allege that Plaintiff filed a complaint with the Alaska Human Rights Commission or that anyone at the MOA was aware of such a complaint being filed.[114]  Consequently, Plaintiff has not demonstrated that she engaged in an activity protected under AS § 18.80.220.  Because this Count is dismissed on this basis, the Court does not reach the statute of limitations issue raised by Defendants.

Although amendment of this claim is likely futile, Count VIII is dismissed with leave to amend.

---

[111] Docket 10 at 22.

[112] Docket 10 at 24.

[113] Docket 10 at 23–24.

[114] Docket 1.

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 27 of 30

Case 3:25-cv-00135-SLG   Document 22   Filed 05/04/26   Page 27 of 30

## COUNT IX – VIOLATION OF ALASKA PUBLIC EMPLOYMENT RELATIONS ACT (AS § 23.40.110)

Plaintiff claims that the MOA violated the Alaska Public Employment Relations Act ("PERA").[115] However, the MOA is exempt from PERA, AS § 23.40.070 *et seq.*, because it rejected the application of PERA to its employees.[116] "Local governments which have validly rejected PERA are free to develop a local scheme of collective bargaining which varies from the state scheme as provided in PERA."[117] The MOA has adopted its own regulations, found in § 3.30 and § 3.70 of the Municipal Code of Regulations, Title 3 Administration. Consequently, Plaintiff cannot bring a claim against the MOA under PERA.

Count IX is dismissed for failure to state a claim without leave to amend.

## LEAVE TO AMEND

Rule 15 requires that leave to amend "be freely given when justice so requires."[118] "This policy is to be applied with extreme liberality."[119] The Supreme Court has identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing

---

[115] Docket 1 ¶¶ 4.52–57.

[116] *Anchorage Mun. Employees Ass'n v. Municipality of Anchorage*, 618 P.2d 575, 581 (Alaska 1980).

[117] *Id.*

[118] Fed. R. Civ. P. 15(a)(2).

[119] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 28 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 28 of 30

party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.[120] Of these, "the consideration of prejudice to the opposing party carries the greatest weight."[121] Here, there is no evidence of bad faith, amendment would be unlikely to cause undue delay, no prejudice to Defendants has been shown, and Plaintiff has not previously amended her Complaint. Further, as discussed above, the Court has found that amendment as to certain claims may not be futile.

## CONCLUSION

Therefore, IT IS ORDERED that Defendants' Motion to Dismiss the Complaint at Docket 10 is **GRANTED** with partial leave to amend as follows:

1. Defendants' request for judicial notice of the CBA for AMEA at Docket 10-1 is **GRANTED.**

2. Counts I, II, III, VI, VII, and VIII are **DISMISSED** with leave to amend.

3. Counts IV, V, and IX are **DISMISSED** without leave to amend.

Plaintiff may file a First Amended Complaint ("FAC") within 30 days of the date of this order. Failure to file a FAC by that date will be deemed a decision by Plaintiff to stand upon the existing allegations, and the Court will enter a final judgment accordingly. If Plaintiff files a FAC, Defendants shall file an Answer or

---

[120] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[121] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap.*, *LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend)).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 29 of 30
Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 29 of 30

otherwise respond to the FAC within 21 days of the date of the filing.[122]

DATED this 4th day of May, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[122] Fed. R. Civ. P. 12(a)(1)(A)(i).

Case No. 3:25-cv-00135-SLG, *Boone v. Muni. of Anchorage, et al.*
Order on Motion to Dismiss and Request for Judicial Notice
Page 30 of 30

Case 3:25-cv-00135-SLG    Document 22    Filed 05/04/26    Page 30 of 30